IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00956-PAB-KLM

THE WESTERN SUGAR COOPERATIVE, a Colorado cooperative association,

    Plaintiff,

v.

RICHARD DORN, and
DORN AGCO, LLC, a Montana limited liability company,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion to Remand [Docket No. 45]. Plaintiff is a sugar beet cooperative owned by sugar beet growers in the Rocky Mountain region. *See generally* Docket No. 1-1 at 1-4. Pursuant to the cooperative's operating agreement, a member purchases shares which obligates that member to grow sugar beets in an acreage proportional to the number of shares owned. *See id.* at 26, ¶ 94. In 2019, defendants did not grow sugar beets fully proportional to the number of shares each owned, *see id.* at 39-40, 46, ¶¶ 131, 147, and, as a result, plaintiff assessed liquidated damages against defendant Richard Dorn for $71,820 and defendant Dorn AgCo, LLC for $64,600. *Id.* at 40, 46, ¶¶ 133-34, 149-50. These numbers correspond to the number of acres defendants did not plant as required by the number of shares owned: each "preferred" share is worth $380 and corresponds to one

acre.[1]  *See id.*  Defendants have, apparently, paid off some of their liquidated damages, with plaintiff alleging that Mr. Dorn and Dorn AgCo have $40,314 and $46,328, respectively, in remaining liquidated damages to pay.  *See id.* at 51-52, ¶¶ 163, 168.

Plaintiff filed suit in the District Court for the City and County of Denver, Colorado on December 20, 2019.  *See generally* Docket No. 1-1.  Plaintiff seeks (1) $40,314 in liquidated damages from Mr. Dorn, (2) $46,328 in liquidated damages from Dorn AgCo, (3) specific performance against from Mr. Dorn and Dorn AgCo to grow beets, (4) an injunction requiring both Mr. Dorn and Dorn AgCo to "execute the Shareholder Agreement for 2019 and future years and fulfill [their] obligation to plant, grow and harvest or arrange for the planting, growing and harvesting of acreage of sugar beets determined" by the number of shares each owns, and (5) declaratory relief declaring and interpreting various provisions of plaintiff's operating agreement.  *See id.* at 49-66.

Defendants removed this case to federal court on April 6, 2020.  *See* Docket No. 1.  Defendants allege that the Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy as to each defendant is over $75,000.  *See id.* at 2-3, ¶ 5.  On October 5, 2020, plaintiff filed a motion to remand, arguing that, although the parties are citizens of different states, the amount in controversy is under $75,000 as to each defendant.  Docket No. 45 at 10.  Plaintiff therefore asks the Court to remand the case for failing to meet the jurisdictional monetary threshold for diversity jurisdiction.  *Id.*

A party may remove "any civil action brought in a State court of which the district

---

[1] Thus, Mr. Dorn's remaining obligations were for 189 shares and DornCo's for 170 shares.  *See id.*

courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  To have original jurisdiction in a diversity case pursuant to 28 U.S.C. § 1332(a), the suit must be between "citizens of different states" and "the matter in controversy [must] exceed[] the sum or value of $75,000."  § 1332(a).  The party invoking jurisdiction has the burden of demonstrating the Court's jurisdiction.  *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

When nonmonetary relief is at issue, a notice of removal may assert that the jurisdictional threshold is met based on the value of the nonmonetary relief.  *See* 28 U.S.C. § 1446(c)(2)(A)(I).  When a plaintiff seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."  *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citing *Hunt v. Wash. State. Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977)).  The Tenth Circuit measures the object of litigation as "either the value to the plaintiff or the cost to [the] defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum."  *Id.* (citation omitted). In cases with multiple defendants, where the claims against each defendant are separate from the claims against the other defendants, the amount in controversy must be satisfied as to each defendant.  *See Quicken Loans Inc. v. Newland Court Condo. Ass'n*, No. 19-cv-01485-PAB, 2019 WL 2471365, at *2 (D. Colo. June 12, 2019) (collecting cases).

Plaintiff makes several arguments that it says justifies remand.  First, plaintiff suggests that defendants admitted that the value of the litigation is under $100,000.

Docket No. 45 at 8-9.  Second, plaintiff argues that defendants' notice of removal fails to demonstrate by a preponderance of the evidence that the jurisdictional minimum is met.  *Id.* at 9-10.  And, third, plaintiff contends that there is no evidence regarding the value of the declaratory judgments or injunctive relief.  *See* Docket No. 54 at 6-7.  The Court finds none of these arguments persuasive.

First, defendants' alleged "admission" (that the dollar amount at issue is "presently less than $100,000") has no bearing on determining the jurisdictional threshold.  *See* Docket No. 45 at 8 (citing Docket No. 43 at 1-2).  While "statements [made] in briefs . . . are not necessarily binding admissions, [a court] may consider them as such at [its] discretion."  *Towerridge, Inc. V. T.A.O., Inc.*, 111 F.3d 758, 769 (10th Cir 1997) (citation omitted).  Even if the Court considered defendants' statement regarding the "small dollar" amount at issue a binding admission, it would provide no clarity regarding the value of the object of the litigation.  This "admission" does not state whether Mr. Dorn or Dorn AgCo each have $50,000 at issue, or some other proportion such that Mr. Dorn meets the jurisdictional threshold, but Dorn AgCo does not.  Moreover, defendants do not contest that the purely monetary claims at issue are not greater than $75,000 for each defendant.  *See* Docket No. 51 at 5.

Second, plaintiff's argument that the notice of removal fails to support the jurisdictional amount by a preponderance of the evidence ignores the fact that all that is required in the notice of removal is a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)).  A "defendant's amount-in-controversy allegation should be

4

accepted when not contested by the plaintiff or questioned by the court." *Id.*  Only when a plaintiff contests a defendant's jurisdictional allegations must the district court find, "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88 (citing 28 U.S.C. § 1446(c)(2)(B)).  Thus, contrary to plaintiff's assertion, defendants did not need to demonstrate the amount in controversy by a preponderance of the evidence in their notice of removal.

Finally, plaintiff's argument that there is no evidence regarding the value of the declaratory judgments or injunctions is unavailing.  Plaintiff suggests that, because Mr. Dorn was able to find someone to grow his shares in 2020, but is unsure whether that will happen again in 2021, it is not a "necessary conclusion" that at least $75,000 is at issue as to Mr. Dorn.  *See* Docket No. 54 at 6.  Regardless of whether it is a "necessary conclusion" that $75,000 is at issue, the Court finds that the preponderance of the evidence demonstrates that at least $75,000 is at issue as to each defendant.

If defendants succeed in nullifying the alleged perpetual nature of plaintiff's operating agreement – thus allowing defendants to unilaterally terminate their membership in the cooperative – defendants would no longer be liable for liquidated damages proportional to their current shares for each year they fail to grow beets.  Plaintiff's complaint alleges that each share is worth $380 in liquidated damages.[2]  Docket No. 1-1 at 40, ¶ 134.  Mr. Dorn owns a total of 355 shares, *id.* at 39-40, ¶ 131, and Dorn AgCo owns 170 shares.  *Id.* at 46, ¶ 147; *see also* Docket No. 51-1 at 1, ¶¶ 2, 5.  As a result, the value of the litigation as to Mr. Dorn, for one year, is $134,900 – the

---

[2] According to an affidavit submitted by Mr. Dorn, plaintiff intends to assess $600 per share in liquidated damages for future breaches.  *See* Docket No. 51-1 at 2, ¶ 13.

number of shares Mr. Dorn would not need to grow beets for multiplied by the current rate of liquidated damages. For Dorn AgCo, the value is $64,600. Avoiding just one year of compliance with the shareholder agreement exceeds the jurisdictional threshold as to Mr. Dorn. For Dorn AgCo, it would need to avoid compliance for at least a year and a half. At first blush, this might doom defendants' jurisdictional allegations. However, plaintiff does not seek compliance for only one year, but every year in perpetuity. Plaintiff's suit is based on the premise that its operating agreement is enforceable and, as a result, members are required to grow beets every year unless and until plaintiff relieves the member of that obligation. *See* Docket No. 1-1 at 56, ¶ 193 (requesting that the Court order Mr. Dorn to perform "for 2019 and future years"); *see also id.* at 59, ¶ 206 (stating that unilateral termination is "improper[] and unlawful[]"); *id.* at 62-63, ¶¶ 220, 224 (requesting a declaration that defendants' unilateral termination is "wholly ineffective" and that defendants "remain[] [] shareholder[s] of the Cooperative with all of the obligations attendant to being a shareholder").

Given plaintiff's position that defendants are obligated to grow beets in the future, plaintiff's suggestion that there is insufficient information to conclude that the jurisdictional threshold has been met is untenable. Rather, based on the allegations in the complaint, the value of the litigation to defendants is far more than the single year compliance cost and, as a result, greater than $75,000. Therefore, the Court concludes that the object of the litigation, including the monetary sums, declaratory relief, and specific performance, is over $75,000 as to each defendant. Wherefore, it is

**ORDERED** that plaintiff's Motion to Remand [Docket No. 45] is **DENIED**.

DATED December 23, 2020.

                                BY THE COURT:

                                PHILIP A. BRIMMER
                                Chief United States District Judge