IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00956-PAB-KLM

THE WESTERN SUGAR COOPERATIVE, a Colorado cooperative association,

      Plaintiff,

v.

RICHARD DORN, and
DORN AGCO, LLC, a Montana limited liability company,

      Defendants.

---

## ORDER

---

    This matter is before the Court on plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(d) [Docket No. 38].  The Court has jurisdiction under 28 U.S.C. § 1332.

    Plaintiff is a sugar beet cooperative owned by sugar beet growers in the Rocky Mountain region.  *See generally* Docket No. 1-1 at 1-4.  Pursuant to the cooperative's operating agreement, a member purchases "preferred" shares in the cooperative which obligate that member to grow sugar beets in an acreage proportional to the number of shares owned.  *See id.* at 26, ¶ 94.  Additionally, members are required to sign new agreements with plaintiff each year; if members do not sign or do not grow beets, they are assessed liquidated damages.  *See* Docket No. 43-1 at 3, 13.  Each preferred share is worth $380 and corresponds to one acre.  *See* Docket No. 1-1 at 40, 46, ¶¶ 133-34, 149-50.  In 2019, defendants did not sign a new agreement with plaintiff or grow sugar beets proportional to the number of shares each owned, *see id.* at 39-40, 46, ¶¶ 131, 147, and, as a result, plaintiff assessed liquidated damages against

defendant Richard Dorn for $71,820 and defendant Dorn AgCo, LLC for $64,600.  *Id.* at 40, 46, ¶¶ 133-34, 149-50.  The amount of damages corresponds to the number of acres defendants did not plant as required by the number of shares owned.  *See id.* Defendants have, apparently, paid off some of their liquidated damages or received some type of offset, with plaintiff alleging that Mr. Dorn and Dorn AgCo owe $40,314 and $46,328, respectively, in remaining liquidated damages.  *See id.* at 51-52, ¶¶ 163, 168.

Plaintiff filed suit in the District Court for the City and County of Denver, Colorado on December 20, 2019.  *See generally* Docket No. 1-1.  Plaintiff seeks (1) $40,314 in liquidated damages from Mr. Dorn, (2) $46,328 in liquidated damages from Dorn AgCo, (3) specific performance against from Mr. Dorn and Dorn AgCo to grow beets, (4) an injunction requiring both Mr. Dorn and Dorn AgCo to "execute the Shareholder Agreement for 2019 and future years and fulfill [their] obligation to plant, grow and harvest or arrange for the planting, growing and harvesting of acreage of sugar beets determined" by the number of shares each owns, and (5) declaratory relief declaring and interpreting various provisions of plaintiff's operating agreement .  *Id.* at 49-66. Defendants removed this case to federal court on April 6, 2020.  *See* Docket No. 1.

On September 4, 2020, defendants filed a motion for summary judgment.  *See* Docket No. 28.  Defendants seek summary judgment on all of plaintiff's claims on the basis that the requirement for members to sign a new contract and grow sugar beets each year in perpetuity is void as a matter of public policy.  Docket No. 28 at 5-14.  In the alternative, defendants argue that plaintiff's claims for liquidated damages are

unenforceable.  *See id.* at 14-17.  In response, plaintiff filed a motion under Federal Rule of Civil Procedure 56(d), arguing that defendants' motion for summary judgment is premature because material discovery has not yet completed.  *See* Docket No. 38.

To succeed on a Rule 56(d) motion, "the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."  See *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citation omitted).  "Summary judgment should be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition."  *Id.* (alterations omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  However, "relief under Rule 56(d) is not automatic."  *Id.* (citation omitted).

The Court finds that plaintiff has not met its burden of obtaining relief pursuant to Rule 56(d).  Given the early stage of the litigation, elements one through three are easily met: limited discovery has commenced, little time has been offered for any discovery, and plaintiff has had no previous opportunity to obtain the allegedly relevant facts.  Plaintiff, however, fails on element four.

The fourth element requires that the affidavit "stat[e] how additional time would allow for rebuttal of the adversary's argument for summary judgment."  *Id.*  Plaintiff argues that, based on current discovery, the Court does not have the "full story," which is necessary to resolve defendants' motion for summary judgment.  *See* Docket No. 38-

1 at 3, ¶ 11.  Specifically, plaintiff seeks to discover information regarding Mr. Dorn's creation of plaintiff, his knowledge of previous lawsuits involving plaintiff, his "active[] solicit[ation] of growers" to join plaintiff, his signing of previous agreements with plaintiff, his voting in favor of the liquidated damages provision at issue, and various experts to discuss the purpose of cooperatives like plaintiff and the reasonableness of the liquidated damages clause.  *See id.* at 4-5, 7-10, ¶¶ 13, 16, 18-20, 22, 25-26.  Plaintiff claims that these facts are necessary to refute defendants' motion or, at the very least, to support plaintiff's "defenses of laches, estoppel, waiver, and failure to mitigate, among other defenses."  *Id.* at 6-7, ¶ 17.

Missing from plaintiff's affidavit or motion is any discussion of why these facts are relevant to the two purely legal questions that defendants' motion for summary judgment raises.  Defendants' motion first argues that the automatic renewal provision is void as a matter of public policy because it violates the Colorado Cooperative Act, Colo. Rev. Stat. § 7-56-101 *et seq.*  *See* Docket No. 28 at 5-14.  Defendants further contend that, because the provisions requiring them to grow beets in perpetuity are void, plaintiff's claims must fail.  *Id.* at 14.  In the alternative, defendants argue that the liquidated damages clause in the shareholder agreement is unenforceable, making plaintiff's claim for liquidated damages a non-starter.  *See id.* at 17.

The Court does not understand, and plaintiff does not explain, how Mr. Dorn's creation of the cooperative, knowledge of previous lawsuits, and approval of various provisions, are relevant to determining whether those contractual provisions are void as a matter of public policy, particularly because plaintiff cites no authority for the proposition that laches, waiver, or mitigation of damages can override the public policy

issue.  More importantly, however, Rule 56(d) only permits discovery related to "information that is essential to [the] opposition" of the summary judgment motion.  *See Cerveny*, 855 F.3d at 1110 (citation omitted).  Plaintiff's defenses are defenses to defendants' counterclaims, which are not at issue in the motion for summary judgment and, as a result, are not relevant to the "opposition" to defendants' motion.  *Id.*

The closest plaintiff gets to explaining the relevance of the yet-discovered facts is the discussion of section 184 of the Second Restatement on Contracts.  Plaintiff argues that the good faith bargaining between plaintiff and defendants is relevant to whether the shareholder agreement should be enforced pursuant to section 184.  *See* Docket No. 38-1 at 6-7, ¶ 17.  As a result, plaintiff argues that it needs discovery regarding the signing of the agreement and whether the renewal provision was bargained for in good faith.  *Id.*  But it is unclear why section 184 is relevant to the dispute.  That section provides, if "less than all of an agreement is unenforceable," the rest of the agreement can be enforced, or a part of a term can be enforced, if there is no misconduct present or the parties obtain the partially unenforceable term in good faith.  *See* Restatement (Second) of Contracts § 184 (Am. Law. Inst. 1981).  But this principle "is not a power of reformation," and a court cannot rewrite a contract to make it enforceable; it can only enforce the non-offending provisions in the appropriate circumstances.  *See id.* cmt. a & b.  Because defendants only argue that specific portions of their agreements with plaintiff are unenforceable – rather than the entire contract – section 184 is irrelevant, and any facts regarding the good faith bargaining between the parties are not necessary to oppose defendants' motion.

Plaintiff must do more than claim that the Court does not have the "full story"; plaintiff must specifically outline how the missing facts are material in opposing defendants' motion.  *See Cerveny*, 855 F.3d at 1110 (affirming denial of Rule 56(d) motion where "the affidavit merely stated that additional discovery would 'outline the facts of the case' and provide 'expert foundation'").  Because plaintiff has failed to explain why information regarding Mr. Dorn's knowledge and involvement with the cooperative is necessary to support its opposition to defendants' motion for summary judgment, the Court will deny plaintiff's motion.

It is therefore

**ORDERED** that plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(d) [Docket No. 38] is **DENIED**.  It is further

**ORDERED** that plaintiff shall respond to defendants' Motion for Summary Judgment [Docket No. 28] on or before **January 26, 2021**.  It is further

**ORDERED** that defendants may file any reply to plaintiff's response on or before **February 9, 2021**.

DATED January 5, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

6